## IN RE APPLICATION OF K. TO BE ADMITTED TO EXAMINATION FOR LICENSE AS ATTORNEY-AT-LAW.

[Filed November 8, 1915.]

Memorandum for the court, per

PARKER, J. The applicant seeks to be relieved from the requirements of paragraph (d) of rule 4, that at least three years before taking the bar examination the applicant shall have graduated from a * * * private school or academy approved by the board of bar examiners, or that he passed an examination equivalent to that for graduation in a public high school of this state, to be held by officers of the public schools, &c.

Members of the court do not recall any case in which the requirements of this rule have been relaxed, except on one occasion when candidates had relied on a statute conflicting with the rule, and this court refused to recognize the statute

on the ground that it trenched on our constitutional prerogative. *In re Branch*, 70 *N. J. L.* 537, 576. The candidates were not relieved from the examination for general education, but having begun and continued their legal studies in reliance on the statute, were permitted to take such examination after the promulgation of our decision and before the bar examination.

The theory and purpose of this preliminary examination are sufficiently obvious. A candidate for the bar is not deemed qualified to begin his legal studies of three years unless and until he is shown to have a satisfactory general education as a foundation for them. Otherwise the seeds of legal learning are sown on a barren soil. The presentation of a college or high school diploma, or that of an approved private school, testifying to the graduation of the candidate three years or more before the bar examination, satisfies the rule. To provide for meritorious cases when the applicant has acquired the actual education but not the diploma, the provision for special examination was added. But each one of these is intended as evidence that the foundation had been laid before the superstructure was begun; and if the examination for general education may be taken less than three years before the bar examination, it would leave college, high school and private school graduates at a serious disadvantage, for they must necessarily study law for three years after graduation, whereas the non-graduate may, if the rule be relaxed, use the period required for law study in perfecting his general education.

Moreover, we fail to find that the case of this applicant has any peculiar merit. He says that he heard from a friend in 1907 that the diploma of a certain school was accepted by the examiners, and so in 1907 he entered that school and claims to have graduated in 1909. He does not seem to have sought any information on this point from the examiners before entering the school. On graduating in 1909 he presented his diploma and was at once notified that it could not be recognized and that he must take the examinations. That was over six years ago. He did not take the preliminary examinations

*88 N. J. L.*        In re application of K.

nor prepare for them.   He seems to have spent some time and effort in trying to persuade the examiners to relax the rule.   In the fall of 1909 he entered a law school and says he graduated in 1912, and renewed his efforts to be excused from the preliminary examinations.   Finally, in 1913 or 1914, he took the examinations in six subjects, passed four and failed on two.   Somewhat later he passed those also.   He claims that one of the bar examiners at one time, and one of the state school authorities at another, intimated that the rule might be relaxed, but we think he must be mistaken, as the rule is a rule of this court, and neither the bar examiners nor the educational authorities have or had any power to relax it.   We see on our part no reason to relax it, and most cogent reasons for refusing to do so.   The application is therefore denied.